IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-20801
Summary Calendar
_____

JOHN O'NEAL HENRY,

                                        Plaintiff-Appellant,

versus

BOARD OF PARDONS AND PAROLES; TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, INSTITUTIONAL DIVISION,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-01-CV-279
--------------------
January 9, 2003

Before HIGGINBOTHAM, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

     John O'Neal Henry, Texas prisoner # 324238, has appealed the

district court's order dismissing his civil rights action for

failure to state a claim upon which relief can be granted.  See

FED. R. CIV. P. 12(b)(6); see also 28 U.S.C. § 1915(e)(2)(B)(ii).

     Henry contends that the defendants violated Title II of the

Americans with Disabilities Act by failing to accommodate his

hearing impairment in connection with a prison substance abuse

program.  The district court dismissed this claim because the

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

defendants are immune from suit under the Eleventh Amendment. "The Eleventh Amendment bars an individual from suing a state in federal court unless the state consents to suit or Congress has clearly and validly abrogated the state's sovereign immunity." Perez v. Region 20 Educ. Service Center, 307 F.3d 318, 326 (5th Cir. 2002). This court has held that Congress did not abrogate validly the states' Eleventh Amendment immunity in enacting Title II of the ADA. Reickenbacker v. Foster, 274 F.3d 974, 979-83 (5th Cir. 2001) (extending Board of Trustees of University of Alabama v. Garrett, 531 U.S. 356, 359-68 (2001)). Henry does not contend that Texas has waived its Eleventh Amendment immunity and the exception to Eleventh Amendment immunity provided by Ex parte Young, 209 U.S. 123, 159-60 (1908), is not available to Henry because he sued state agencies only. See Reickenbacker, 274 F.3d at 976 n.9 (citing Aguilar v. Texas Dept. of Criminal Justice, 160 F.3d 1052, 1053 (5th Cir. 1998)). Henry's ADA claim was dismissed properly under the rule in Reickenbacker.

Henry contends that his rights under the Ex Post Facto Clause were violated because he was required to pay a supervisory fee while on parole between 1990 and 1992. The district court held that this claim is time-barred. "The statute of limitations for a suit brought under § 1983 is determined by the general statute of limitations governing personal injuries in the forum state." Piotrowski v. City of Houston, 237 F.3d 567, 576 (5th Cir.), cert. denied, 122 S. Ct. 53 (2001). In Texas, personal

injury actions are subject to a two-year limitations period. See TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a) (West 2002). Henry had two years to file suit from the date his Ex Post Facto claim accrued. See Piotrowski, 237 F.3d at 576. "Accrual of a § 1983 claim is governed by federal law: Under federal law, the limitations period begins to run the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured." Id. (internal quotation marks and brackets omitted). The district court concluded that Henry's claim accrued in 1992, when Henry's parole was revoked. Henry's complaint was filed more than two years later, on January 24, 2001. Henry contends on appeal that his claim did not accrue until 1999, the last time the Texas Board of Pardons and Paroles denied him release on parole. This argument is without merit because this event is not pertinent to the Ex Post Facto claim.

Because the appeal is frivolous, it is dismissed. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983); 5TH CIR. R. 42.2. The dismissal of this appeal as frivolous counts as a strike for purposes of 28 U.S.C. § 1915(g). Ordinarily, the district court's dismissal of the complaint under 28 U.S.C. § 1915(e)(2)(B)(ii) would also count as a strike under 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 388 (5th Cir. 1996). In this case, however, this court remanded the case to the district court, encouraging Henry to proceed, and the law

changed while the case was on remand. Accordingly, the dismissal of Henry's complaint by the district court pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) shall not be regarded as a strike under 28 U.S.C. § 1915(g).

Henry has at least one other strike. <u>See</u> <u>Henry v. Texas Department of Criminal Justice</u>, No. 00-20377 (5th Cir. Oct. 8, 2000) (unpublished). He now has two strikes. We caution Henry that once he accumulates three strikes, he will not be permitted to proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. <u>See</u> 28 U.S.C. § 1915(g).

APPEAL DISMISSED; SANCTION WARNING GIVEN.